UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LESA MERANDA, )
    Plaintiff, ) CASE NO. 1:12-CV-00899-RLY-TAB
)
v. )
ACCOUNTS RECOVERY BUREAU, INC. )
    Defendant. )

# DEFENDANT'S ANSWER AND DEFENSES
# TO PLAINTIFF'S COMPLAINT

Defendant, Accounts Recovery Bureau, Inc. (named in the caption as Accounts Recovery Bureau) ("Defendant"), by counsel, for its Answer and Defenses to Plaintiff's Complaint Seeking Damages for Violations of the Fair Debt Collections Practices Act ("Complaint"), states:

1. Defendant denies all of those allegations set forth in paragraph 1 of the Complaint.

2. Paragraph 2 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 2 of the Complaint, Defendant denies all allegations that are inconsistent with the statutes read in their entirety and as the statutes would be interpreted by the Courts.

3. Paragraph 3 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 3 of the Complaint, Defendant denies all allegations that are inconsistent with the statutes read in their entirety and as the statute and the cited case would be interpreted by the Courts.

4. Paragraph 4 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 4 of the

Complaint, Defendant denies all allegations that are inconsistent with the statutes read in their entirety and as the statutes and cited case would be interpreted by the Courts.

5. Paragraph 5 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 5 of the Complaint, Defendant denies all allegations that are inconsistent with the statutes read in their entirety and as the statutes would be interpreted by the Courts.

6. Paragraph 6 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 6 of the Complaint, Defendant denies all allegations that are inconsistent with applicable statutes and case law.

7. Defendant admits all of those allegations set forth in paragraph 7 of the Complaint.

8. Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 8 of the Complaint. By way of further answer, Defendant does admit that Plaintiff has an Indianapolis, Indiana mailing address.

9. Defendant admits all of those allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits all of those allegations set forth in paragraph 10 of the Complaint.

11. Paragraph 11 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 11 of the Complaint, Defendant denies all allegations that are inconsistent with statute read in its entirety and as the statute has been interpreted by the Courts.

12. Paragraph 12 sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 12 of the Complaint, Defendant denies all allegations that are inconsistent with the statute read in its entirety and as the statute has been interpreted by the Courts.

13. Defendant admits all of those allegations set forth in paragraph 13 of the Complaint.

14. For its answer to paragraph 14 of the Complaint, Defendant states Exhibit "1" speaks for itself. To the extent Defendant is required to respond to paragraph 14 of the Complaint, Defendant admits all of those allegations.

15. Defendant admits all of those allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits all of those allegations set forth in paragraph 16 of the Complaint.

17. For its answer to paragraph 17 of the Complaint, Defendant admits that at certain times it was attempting to collect debts or a debt from Plaintiff.

18. Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 18 of the Complaint.

19. For its answer to paragraph 19 of the Complaint, Defendant admits that at times, the debts owed by Plaintiff went into default.

20. For its answer to paragraph 20 of the Complaint, Defendant admits that at different times after a debt went into default, the debt was placed with Defendant for collection. As to the remaining allegations of paragraph 20 of the Complaint, Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations.

21. For its answer to paragraph 21 of the Complaint, Defendant denies that the debt in issue was disputed by Plaintiff.

22. Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 22 of the Complaint.

23. Defendant admits all of those allegations set forth in paragraph 23 of the Complaint, but denies the legal effect thereof.

24. Defendant admits all of those allegations set forth in paragraph 24 of the Complaint, but denies the legal effect thereof.

25. Defendant at this time is without sufficient information to form a belief as to the truth or falsity of all of those allegations set forth in paragraph 25 of the Complaint.

26. For its answer to paragraph 26 of the Complaint, Defendant states the document speaks for itself. To the extent Defendant is required to respond to paragraph 26 of the Complaint, Defendant denies all allegations that are inconsistent with the letter read in its entirety and as the letter applies to the facts of this case.

27. Paragraph 27 of the Complaint sets forth a legal conclusion for which a response is not required to be made by Defendant. To the extent Defendant is required to respond to paragraph 27 of the Complaint, Defendant denies all allegations that are inconsistent with the interpretation of the cited cases by the Courts.

28. Defendant denies all of those allegations set forth in paragraph 28 of the Complaint.

29. For its answer to paragraph 29 of the Complaint, Defendant admits that it called Plaintiff in an attempt to collect a debt that was placed with Defendant after counsel's March 7,

2012 letter. Defendant denies any allegations that it contacted Plaintiff for debts placed with its office prior to counsel's March 7, 2012 letter.

30. Paragraph 30 of the Complaint sets forth a legal conclusion for which no response is required to be made by Defendant. To the extent Defendant is required to respond to paragraph 30 of the Complaint, Defendant denies all allegations that are inconsistent with the interpretation of the cited case by the Courts.

### First Claim For Relief

1. For its answer to paragraph 1 of First Claim for Relief, Defendant incorporates by reference its answer and defenses to paragraphs 1 through 30 of the Complaint.

2. Defendant denies all of those allegations set forth in paragraph 2 of the First Claim for Relief of the Complaint.

2.(sic.) Paragraph 2(sic.) of the First Claim for Relief of the Complaint sets forth a legal conclusion for which a response is not required to be made by Defendant. To the extent Defendant is required to respond to this paragraph of the Complaint, Defendant denies those allegations.

3. Paragraph 3 of the First Claim for Relief of the Complaint sets forth a legal conclusion for which a response is not required to be made by Defendant. To the extent Defendant is required to respond to this paragraph, Defendant denies all allegations.

4. Paragraph 4 of the First Claim for Relief of the Complaint sets forth a legal conclusion for which a response is not required to be made by Defendant. To the extent Defendant is required to respond to this paragraph, Defendant denies all allegations.

5. Defendant denies all of those allegations set forth in paragraph 5 of the First Claim for Relief of the Complaint.

WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint; for costs of this action; and for all other relief.

**DEFENSES**

1. Since the letter referenced in paragraph 28 of the Complaint was sent by Defendant to Plaintiff approximately one (1) year prior to Defendant's receipt of counsel's letter, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Since any and all communications between Plaintiff and Defendant related to a debt that was placed with Defendant for collection after counsel's letter, Defendant has not violated the Fair Debt Collections Practices Act. Graziano v. Harrison, 950 F.2d 107 (3d Cir. 1991); Udell v. Kansas Counselors, Inc., 313 F. Supp. 2d 1135 (D. Kan. 2004); Berndt v. Fairfield Resorts, Inc., 337 F. Supp. 2d 1120 (W.D. Wis. 2004); Miller v. Allied Interstate, Inc., 2005 U.S. Dist. Lexis 13121 (N.D. Ill. 2005); 15 U.S.C. § 1692c(a)(2).

3. Plaintiff has not suffered any actual damages.

4. Defendant alleged conduct does not constitute a harassment or abuse under 15 U.S.C. § 1692(d), Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Horkey v. J.V.D.B. & Associates, Inc., 333 F.3d 769 (7th Cir. 2003).

5. By contacting Defendant directly, Plaintiff has waived any claims she may have under 15 U.S.C. § 1692(c).

6. By contacting Defendant directly, Plaintiff is estopped from asserting a violation of 15 U.S.C. § 1692(c).

7. By contacting Defendant directly, Plaintiff has waived any claims she may have under 15 U.S.C. § 1692(d).

8. By contacting Defendant directly, Plaintiff is estopped from asserting a violation of 15 U.S.C. § 1692(d).

9. To the extent Defendant has violated the Fair Debt Collections Practices Act, such violation was the result of a bona fide error (15 U.S.C. § 1692(k)).

10. Plaintiff's claims are barred by the Statute of Limitations (15 U.S.C. § 1692k(d)).

WHEREFORE, Defendant prays that Plaintiff take nothing by way of her Complaint; for costs of this action; and for all other relief.

KIGHTLINGER & GRAY, LLP

/s/Peter A. Velde
Peter A. Velde
Attorney I.D. No.: 949-49

KIGHTLINGER & GRAY, LLP
One Indiana Square, Suite 300
211 N. Pennsylvania St.
Indianapolis, IN 46204
(317) 638-4521
pvelde@k-glaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 5th day of September, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

John T. Steinkamp    steinkamplaw@yahoo.com
5218 S. East St. Suite E-1
Indianapolis, IN 46227

/s/ Peter A. Velde
Peter A. Velde